IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 2:06CR08 |
| | § | (Judge T. John Ward) |
| JOSEPH GONZALEZ III | § | |

## PLEA AGREEMENT

Defendant Joseph Gonzalez III, Mr. Douglas D. Mulder, Defendant's attorney, and the United States Attorney for the Eastern District of Texas agree to the following:

1. **RIGHTS OF THE DEFENDANT**: Defendant understands he has the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have guilt proved beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in defense; and

   e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: Defendant waives these rights and agrees to enter a plea of guilty to Count 1 of the Indictment, which charges a violation of Title 18 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Methamphetamine. Defendant understands the nature and elements of the crimes he is pleading guilty to and he agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose for Count 1 include:

    a. imprisonment for a period of not less than 10 years nor more than life;

    b. a fine not to exceed $4,000,000.00, or twice any pecuniary gain to Defendant or loss to the victim(s);

    c. a term of supervised release of at least 5 years, which may be mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

    d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing**;

    e. restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:** Defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. Sentencing Guidelines Manual (November 2005) (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum. Defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5. **GUIDELINE STIPULATIONS:** The parties stipulate to the following factors that affect the appropriate sentencing range in Count 1 of this case:

    a. The base offense level under U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2005) (U.S.S.G.) is 34 because the offense involved at least 150 grams but less than 500 grams of Methamphetamine (actual),

    b. The adjustment of U.S.S.G. § 2D1.1(b)(1) does not apply because there is insufficient evidence that a dangerous weapon was possessed during the commission of the offense,

    c. A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the Defendant has not accepted responsibility become known after entry of this agreement, this stipulation is void and Defendant may object to the failure of the Presentence Report to recommend the reduction. Additionally, the Government's request to decrease the offense level by <u>one</u> additional level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the Defendant clearly demonstrating acceptance of responsibility for the offense conduct.**

The parties understand that the Court is not bound by these agreements. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

6. **DEFENDANT'S COOPERATION:** Defendant shall cooperate with the Government by giving truthful and complete information and/or testimony concerning the Defendant's participation in the offense of conviction and other knowledge of criminal activities. The Defendant understands that intentionally providing false

information or testimony to implicate an innocent person in the commission of a crime or to protect a guilty person, and/or exaggerating the involvement of any person in a crime in order to appear cooperative will be a material violation of this agreement. Upon request, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the United States Probation Office regarding Defendant's capacity to satisfy any fines or restitution. The Defendant also agrees to comply with all of the relevant Orders and Rules of the Court. The Government will advise the Court of the extent of Defendant's cooperation. Failure to comply with this section can result in the rescission of this agreement, prosecution for the charges identified in paragraph 2 and for any other federal offenses the Defendant may have committed. Additionally, upon such failure, the Government may use any statements made by Defendant or leads derived therefrom against the Defendant in any proceeding.

7.  **Forfeiture of United States Currency**: Defendant agrees to forfeit to the Government, voluntarily and immediately, all of his right, title and interest to the following United States Currency which is subject to forfeiture pursuant to 18 U.S.C. § 3665:

1) **$ 3,319.00 in United States currency**

Defendant agrees that the above currency used in whole or in part to perpetrate the alleged violations in the Indictment to which Defendant is now entering a plea of guilty. Defendant agrees to fully assist the Government in the forfeiture of the listed currency and to take whatever steps are necessary to pass his interest therein to the Government, including but not limited to surrender of interest and execution of any documents necessary to transfer his interest in any of the above property to the Government, and take whatever steps are necessary to ensure that assets subject to

forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to the listed U.S. Currency in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving his property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. Defendant agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Defendant agrees to forfeit to the Government, voluntarily and immediately, all of his right, title and interest to the above U.S. currency seized in connection with this case and agrees to sign any documents necessary to effect the forfeiture of the property.

8. **SUBSTANTIAL ASSISTANCE:** If, in its sole discretion, the Government determines that Defendant has provided substantial assistance in the investigation or prosecution of others, the United States will file either a motion for downward departure pursuant to U.S.S.G. § 5K1.1, or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). Pursuant to Title 18 U.S.C. § 3553(e) and Title 28 U.S.C. § 944(n), such a motion would authorize the court to impose a sentence below a level established by statute as the minimum sentence. Defendant's cooperation does not automatically require the United States to request a downward departure or a reduction in sentence, and the time for filing such motion will be determined by the Government. **It is entirely within the Court's discretion as to what, if any, reduction in sentence Defendant will receive.**

9. **GOVERNMENT'S AGREEMENT:** The United States Attorney for the Eastern District of Texas agrees not to prosecute Defendant for any additional non-tax-related charges based upon the conduct underlying and related to Defendant's plea of guilty. After sentencing, the Government will dismiss any remaining charges charges against this Defendant.

10. **VIOLATION OF AGREEMENT:** Defendant understands that upon violation of any provision of this agreement or any Order or Rule of the Court or if the guilty plea pursuant to this agreement is vacated or withdrawn, the Government will be free from its obligations under this agreement and may prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution.

11. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement.

12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest the sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

13. **REPRESENTATION OF COUNSEL:** Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's

legal representation. Defendant has received satisfactory explanations from his lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes guilt and has concluded that it is in the Defendant's best interest to enter this agreement rather than proceeding to trial.

14. **LIMITATIONS ON THIS AGREEMENT:** This plea agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

15. **ENTIRETY OF AGREEMENT:** Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

MATTHEW D. ORWIG
UNITED STATES ATTORNEY

Dated: 8/7/06

Jim Noble
Assistant United States Attorney

I have read (or had read to me) this Plea Agreement and have carefully reviewed every

part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 7-11-06

Joseph Gonzalez III
Defendant

    I am Defendant's counsel. I have carefully reviewed every part of this Plea Agreement

with Defendant. To my knowledge and belief, my client's decision to enter into this Plea

Agreement is an informed and voluntary one.

Dated: 7-11-06

Douglas D. Mulder
Attorney for Defendant